John G. Young, SBN #8308084
Markos Scheer, SBN #0511116
YOUNG DENORMANDIE, P.C.
1191 Second Avenue, Suite 1901
Seattle, Washington 98101
Phone: (206) 224-9818
Fax: (206) 623-6923
jyoung@ydnlaw.com
mscheer@ydnlaw.com
Attorneys for Plaintiff Tug Blarney LLC

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| TUG BLARNEY LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN CARGO OWNED BY RIDGE CONTRACTING, INC., an Alaska corporation,<br><br>Defendant. | IN ADMIRALTY<br><br>NO. _____ |

**VERIFIED COMPLAINT *IN REM* FOR SALVAGE OF CERTAIN CARGO**

Plaintiff, Tug Blarney LLC, a Washington limited liability company, ("Plaintiff"), by and through its undersigned counsel, hereby asserts the following Verified Complaint *In Rem* against the Defendant Cargo located within or near Alakanuk, Alaska.

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 1

## I. PARTIES, VENUE AND JURISDICTION

1. This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D as hereinafter more fully appears.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333.

3. Plaintiff Tug Blarney LLC is a Washington limited liability company ("Plaintiff"). Plaintiff is the sole owner of the tug BLARNEY, ON 565613 (the "BLARNEY").[1]

4. Ridge Contracting, Inc. is an Alaskan corporation and was the owner of the majority of the cargo that was on board the Barge ("Cargo"). On information and belief, the actual value of the Cargo when delivered to the owner, post salvage, is $4,400,250.50.

5. Venue is proper in the United States District Court, District of Alaska pursuant to 28 U.S.C. § 1391.

## II. SUMMARY OF FACTS

6. On June 26, 2011, the Tug ARIES, manned with a crew of four had the KRS-240-5 barge (the "Barge") in tow, laden with Defendant Cargo, was transiting the Bering Sea from Dutch Harbor to Nome, Alaska.

7. At approximately 0600 hours on June 26, 2011, while the tug and Barge were about 95 miles, East/North East from the Pribilof Islands, the ARIES developed a

---

[1] See the Certificate of Documentation attached hereto as Exhibit A.

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 2

severe list to starboard. Despite the best efforts of the crew to offset the list by transferring ballast and fuel, the list got worse.

8. Eventually, the Captain gave the order to abandon ship. The crew transferred from the tug to the Barge and watched as the ARIES rolled on her side and sank, stern first. The ARIES sank to the ocean bottom, at an approximate depth of 45 fathoms, and acted as an anchor for the Barge, laden with the Defendant Cargo.

9. At the time the ARIES sank, the winds were in excess of 20 kts. The seas were 10 to 20 feet.

10. Despite these difficult conditions in one of the most remote areas of the world, the USCG deployed an MH-60 Jayhawk helicopter from Air Station Kodiak, which rescued the four crewmembers and transported them to St. Paul Island in good condition. There were no reports of personal injury to the crew.

11. After the rescue of the crew, there was still the issue of the Barge and the millions of dollars worth of Defendant Cargo that was effectively anchored and at the mercy of the Bering Sea. Without some immediate action, it was likely that the Barge and Defendant Cargo would be lost. Little did they know, when the crew had abandoned ship, the ARIES had collided with the Barge piercing the hull of the Barge in several places, including a large hole under the water line. Though they did not know the Barge was taking on water, it was apparent that the Barge had to be secured soon to avoid a total loss and significant environmental damage. After some analysis, it became evident that the only tug that was available to immediately deploy to the site to salvage the Barge and Cargo was the BLARNEY.

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 3

Case 3:12-cv-00097-SLG   Document 1   Filed 05/04/12   Page 3 of 9

12. On June 26, 2011, after leaving the barge KRS 200-10 in Naknek, the BLARNEY departed for the site where the ARIES sank.

13. After nearly two days travel, on June 28 the BLARNEY arrived on scene. Unfortunately, the weather was too heavy to safely approach the Barge to ascertain its condition or attempt to disconnect it from the ARIES.

14. Because the ARIES and the Barge were still connected, the crew on the BLARNEY had the ingenious idea to manufacture a retrieval hook by welding large shackles and other steel on the back deck of the BLARNEY.

15. The BLARNEY then had to drag the hook back and forth in the area between the barge and the sunken ARIES to catch the towline. In spite of the 10 foot seas and wind, the BLARNEY was able to drag up the towline.

16. Once they drug up the tow line, they had to wind it over the pitching deck to come right up against the Barge so they could secure the tow bridle. One false move in the pitching seas could have cause the Barge to land on top of the tug, potentially rolling it over or injuring or killing the crew.

17. In the face of these real dangers, the crew still hauled the line on board so that they could cut the 1'1/2" steel cable with a cutting torch (which took 10-15 minutes on the back deck of a pitching boat) and free the Barge from the sunken ARIES. After the tow wire was cut, the BLARNEY captain had to have the BLARNEY go all stop while the line sank away, so that it didn't get caught in the tug's wheel (which likely would have had a tragic result, either sinking the tug or the Barge, or both).

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 4

YOUNG *de*NORMANDIE
SECOND & SENECA BUILDING
1191 SECOND AVENUE, SUITE 1901
SEATTLE, WASHINGTON 98101
Phone: (206) 224-9818 Fax: (206) 623-6923

18. It was during this operation that they realized that the Barge was holed and taking on water. After spending the better part of 24 hours trying to secure the Barge, the BLARNEY finally had the leaking Barge in tow.

19. After consultation with the Coast Guard, it was clear that the weather was too heavy to attempt to tow the leaking Barge to Dutch Harbor. Instead, it was agreed that the Barge should be towed to Nome to effect temporary repairs.

20. On June 29, the BLARNEY departed for Nome with the Barge. The transit took nearly three days, arriving at 1500 on July 2, 2011.

21. The surveyor and the Global Diving crew met the BLARNEY and the Barge in Nome. While surveying the Barge, they discovered that the damage was far more extensive than expected. The crew immediately undertook the pumping and sealing of the Barge – which was still laden with all of the Defendant Cargo.

22. Before the temporary repairs could be completed, the weather came up forcing the BLARNEY and the Barge out of the harbor where it jogged until the weather came down enough to get back into Nome harbor on July 7, 2011.

23. Global Diving was able to begin the temporary repairs on the Barge on July 8, 2011. Again, before repairs were completed, the weather again came up, forcing the BLARNEY to jog with the Barge for several more days. Finally, on July 14, 2011, the Barge was back in to Nome Harbor.

24. The next day, July 15, the ABS inspector was able to board the Barge and the welders were able to begin their efforts to seal the Barge's hull. The welders completed the welding on the Barge on July 16.

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 5

25. By now, Plaintiff was faced with two issues. First, the salvage operation had depleted the BLARNEY'S fuel and secondly, the Barge had to be unloaded before it could be permanently repaired. Unfortunately, there was no way the BLARNEY could get the Barge to the dock in Nome to take fuel or unload it.

26. The alternative was to take it to the mouth of Yukon, so that the Barge could be passed off to a shallower draft tug, the ISLAND SPIRIT, which would tow the Barge up river and get the cargo unloaded where it was safe. While it was going to be unloaded, on July 18 and 19th, the BLARNEY was able to run back to Nome, take fuel and return to the Yukon where it again took the Barge in tow.

27. On July 20, the BLARNEY was underway to Dutch Harbor with the Barge in tow. On instructions from the Coast Guard and environmental interests, the tandem first headed to ARIES site to observe whether there was any oil slick from the sunken ARIES. Unfortunately, after arriving on site, it became apparent that the weather and seas were too rough, making the review difficult. After circling the site, the tandem headed for Dutch Harbor, arriving in the afternoon of July 23. After securing the Barge to a buoy, the BLARNEY was finally able to head back to Naknek to resume its normal business. It picked up the 200 barge on August 4, 2011.

### III. CLAIM FOR SALVAGE

28. Plaintiff incorporates by reference, as though fully set forth herein, the allegations, set forth above in paragraphs 1 through 27.

29. This count arises under Supplemental Admiralty Rule C and the general maritime law as salvage services constitute a preferred maritime lien.

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint in rem for Salvage of Certain Cargo - 6

30. The Defendant Cargo was subject to maritime peril and was in an utterly helpless condition from which she could not be rescued without the voluntary and successful services of Plaintiff.

31. Plaintiff is under no legal obligation or official duty to render salvage services to the Defendant Cargo.

32. Plaintiff's voluntary services have been successful in rescuing Defendant Cargo and delivering the Defendant Cargo to its owners.

33. Plaintiff, by virtue of services performed, the private risk capital expended, the time spent and danger incurred in finding and recovering the Defendant Cargo, and all other relevant factors, is entitled to a liberal salvage award for such services.

## IV. PRAYER FOR RELIEF

Plaintiff hereby requests the following relief:

A. For a determination that Plaintiff Tug Blarney LLC be awarded a liberal salvage award not less than $1,452,082.00, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

B. That process *in rem* and/or *quasi in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid Defendant Cargo, with notice to be posted on the Defendant Cargo to all persons claiming an interest in the Defendant Cargo, to appear and answer this Complaint and to show cause as to why the Defendant Cargo should not be sold to satisfy Plaintiff's maritime lien claim for salvage outlined herein.

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 7

Case 3:12-cv-00097-SLG   Document 1   Filed 05/04/12   Page 7 of 9

C.  That Plaintiff is entitled to award of its costs and attorney fees incurred;

D.  Such other relief as this Court may deem equitable and appropriate; and

E.  For leave to amend the pleadings and claims to conform to the evidence identified at trial.

DATED this 4th day of May, 2012 at Seattle, Washington.

s/ John G. Young
State Bar No. 8308084
s/ Markos Scheer
State Bar No. 0511116
YOUNG deNORMANDIE, P.C.
1191 Second Avenue, Suite 1901
Seattle, WA 98101
Telephone: (206) 224-9818
Facsimile: (206) 623-6923
E-mail: jyoung@ydnlaw.com
E-mail: mscheer@ydnlaw.com
Attorneys for Tug Blarney LLC

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 8

**VERIFICATION**

Under penalty of perjury pursuant to the laws of the United States, I, Kevin Kennedy, declare that I am the manager of Plaintiff Tug Blarney LLC, a Washington limited liability corporation, and that, to the best of my personal knowledge after reasonable inquiry, the factual assertions set forth above are true and correct.

DATED this 4th day of May, 2012 at Seattle, Washington.

_____
KEVIN KENNEDY

Tug Blarney LLC vs. Certain Cargo Owned by Ridge Contracting, Inc.
Verified Complaint *in rem* for Salvage of Certain Cargo - 9

YOUNG deNORMANDIE
SECOND & SENECA BUILDING
1191 SECOND AVENUE, SUITE 1901
SEATTLE, WASHINGTON 98101
Phone: (206) 224-9818  Fax: (206) 623-6923