John G. Young, SBN #8308084
Markos Scheer, SBN #0511116
YOUNG DENORMANDIE, P.C.
1191 Second Avenue, Suite 1901
Seattle, Washington 98101
Phone: (206) 224-9818
Fax: (206) 623-6923
jyoung@ydnlaw.com
mscheer@ydnlaw.com
Attorneys for Plaintiff Tug Blarney LLC

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| TUG BLARNEY LLC, a Washington limited liability company; Douglas Hilty, an individual; Ed Lyda, an individual; Roger Kenoyer, an individual; and Nick Humlick, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> RIDGE CONTRACTING, INC., an Alaska corporation, *in personam*, <br><br> Defendant. | IN ADMIRALTY <br><br><br><br><br><br><br><br> NO. 3:12-CV-00097-SLG |

### SECOND AMENDED COMPLAINT *IN PERSONAM* FOR SALVAGE OF CERTAIN CARGO

Plaintiffs, Tug Blarney LLC, a Washington limited liability company (the "Owner") and Douglas Hilty, an individual, Ed Lyda, an individual, Roger Kenoyer, an individual and Nick Humlick, an individual, (collectively Hilty, Lyda, Kenoyer and Humlick are referred to herein as the "Crew") (collectively the Owner and the Crew are referred to herein as the

Case No. 3:12-CV-00097-SLG       Page 1 of 9
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*
Second Amended Complaint for Salvage of Certain Cargo

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 1 of 10

"Plaintiffs"), by and through its undersigned counsel, hereby asserts the following Second Amended Verified Complaint *In Personam* against Ridge Contracting, Inc.

## I. PARTIES, VENUE AND JURISDICTION

1. This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333.

3. Plaintiff Tug Blarney LLC is a Washington limited liability company. The Owner is the sole owner of the tug BLARNEY, ON 565613 (the "BLARNEY").[1]

4. Plaintiff Douglas Hilty, an individual, was the captain of the BLARNEY during the period described below.

5. Plaintiff Ed Lyda, an individual, was the mate of the BLARNEY during the period described below.

6. Plaintiff Roger Kenoyer, an individual, was the engineer of the BLARNEY during the period described below.

7. Plaintiff Nick Humlick, an individual, was a deckhand on the BLARNEY during the period described below.

8. On information and belief, therefore Plaintiffs allege, that Ridge Contracting, Inc., is an Alaskan corporation ("Defendant"). Defendant is the owner of the

---

[1] See the Certificate of Documentation attached hereto as Exhibit A.

Case No. 3:12-CV-00097-SLG
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*
Second Amended Complaint for Salvage of Certain Cargo

Page 2 of 9

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 2 of 10

YOUNG *de*NORMANDIE
SECOND & SENECA BUILDING
1191 SECOND AVENUE, SUITE 1901
SEATTLE, WASHINGTON 98101
Phone: (206) 224-9818  Fax: (206) 623-6923

majority of the cargo that was on board the Barge (collectively "Cargo"). On information and belief, therefore Plaintiffs allege, the actual value of the Cargo owned by Defendant when it was delivered to the Defendant, post salvage, is $4,400,250.50.

9. Venue is proper in the United States District Court, District of Alaska pursuant to 28 U.S.C. § 1391.

## II. SUMMARY OF FACTS

10. On June 26, 2011, the Tug ARIES, manned with a crew of four and the KRS-240-5 barge (the "Barge") in tow, laden with the Cargo, was transiting the Bering Sea from Dutch Harbor to Nome, Alaska.

11. At approximately 0600 hours on June 26, 2011, while the tug and Barge were about 95 miles East/North East from the Pribilof Islands, the ARIES developed a severe list to starboard. Despite the best efforts of the crew to offset the list by transferring ballast and fuel, the list worsened.

12. Eventually, the Captain gave the order to abandon ship. The crew transferred from the tug to the Barge and watched as the ARIES rolled on her side and sank, stern first. The ARIES sank to the ocean bottom, at an approximate depth of 45 fathoms, and acted as an anchor for the Barge and Cargo.

13. At the time the ARIES sank, the winds were in excess of 20 kts. The seas were as much as 10 to 20 feet.

14. Despite these difficult conditions in one of the most remote areas of the world, the USCG deployed an MH-60 Jayhawk helicopter from Air Station Kodiak, which

Case No. 3:12-CV-00097-SLG    Page 3 of 9
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*
Second Amended Complaint for Salvage of Certain Cargo

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 3 of 10

rescued the four crewmembers and transported them to St. Paul Island in good condition. There were no reports of personal injury to the crew.

15. After the rescue of the crew, there was still the issue of the Barge and the millions of dollars worth of Cargo that was effectively anchored and at the mercy of the Bering Sea. Without some immediate action, it was likely that the Barge and Cargo would be lost. Little did they know, when the crew had abandoned ship, the ARIES had collided with the Barge piercing the hull of the Barge in several places, including a large hole below the water line. Though they did not know the Barge was taking on water, it was apparent that the Barge had to be secured soon to avoid a total loss and environmental damage. After some analysis, it became evident that the only tug available to immediately deploy to the site to salvage the Barge and Cargo was the BLARNEY.

16. The BLARNEY was engaged in other operations at the time. The Crew was on board and operating the BLARNY at the time. Specifically, the BLARNEY was engaged in towing another barge, the KRS-200-10, with cargo on board. On June 26, 2011, the BLARNEY deviated from its assigned tow leaving it at the dock in Naknek, Alaska and departed for the site where the ARIES sank.

17. After nearly two days travel, on June 28, the BLARNEY arrived on scene. Unfortunately, the weather was too heavy to safely approach the Barge to ascertain its condition or attempt to disconnect it from the ARIES.

Case No. 3:12-CV-00097-SLG  
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*  
Second Amended Complaint for Salvage of Certain Cargo

Page 4 of 9

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 4 of 10

18. Because the ARIES and the Barge were still connected, the Crew had the ingenious idea to manufacture a retrieval hook by welding large shackles and other steel together.

19. After waiting for more than a day for the weather to come down, the Crew and the BLARNEY drug the hook back and forth in the area between the barge and the sunken ARIES in an effort to catch the towline. In spite of the seas which were up to 10 feet, the Crew and the BLARNEY was able to drag up the towline.

20. Once the Crew and the BLARNEY drug up the towline, they had to wind it over the pitching deck to come right up against the Barge so they could secure the tow bridle. One false move in the pitching seas could have caused the Barge to land on top of the BLARNEY, potentially rolling it over or injuring or killing any one or all of the Crew.

21. In the face of these real dangers, the Crew still hauled the line on board so that they could cut the 1'1/2" steel cable with a cutting torch (which took 10-15 minutes on the back deck of a pitching boat) and free the Barge from the sunken ARIES. At one point the Barge struck the Blarney with enough force that it broke the retrieval hook. After the tow wire was cut, Hilty caused the BLARNEY go all stop while the line sank away, so that it did not get caught in the tug's wheel (which likely would have had a tragic result, including the potential to sink the tug or the Barge with the Cargo on board, or both).

22. It was during this salvage operation that the Crew realized that the Barge was holed and taking on water.

Case No. 3:12-CV-00097-SLG  
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*  
Second Amended Complaint for Salvage of Certain Cargo

Page 5 of 9

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 5 of 10

23. After consultation with the Coast Guard, it was agreed that the Barge should be towed to Nome, where Global Diving was waiting to effect temporary repairs.

24. On June 29, the BLARNEY departed for Nome with the Barge. The transit took nearly three days, arriving at 1500 on July 2, 2011.

25. The surveyor and the Global Diving team met the BLARNEY and the Barge in Nome. While surveying the Barge, they discovered that the damage was far more extensive than expected. The Global Diving team immediately undertook the pumping and sealing of the Barge – which was still laden with the Cargo.

26. Before the temporary repairs could be completed, the weather came up, forcing the BLARNEY and the Barge out of the harbor where the tandem jogged until the weather came down enough to get back into Nome harbor on July 7, 2011.

27. Global Diving was able to begin the temporary repairs on the Barge on July 8, 2011. Again, before repairs were completed, the weather came up, forcing the BLARNEY to jog with the Barge and Cargo for several more days. Finally, on July 14, 2011, the Barge was back in to Nome Harbor.

28. The next day, July 15, the ABS inspector was able to board the Barge and the welders were able to seal the Barge's hull. The welders completed the welding on the Barge on July 16.

29. By then, Plaintiffs were faced with two issues: First, the salvage operation had depleted the BLARNEY'S fuel and second, the Barge had to be unloaded before it

Case No. 3:12-CV-00097-SLG  
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*  
Second Amended Complaint for Salvage of Certain Cargo

Page 6 of 9

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 6 of 10

could be permanently repaired. Unfortunately, there was no way the BLARNEY could get the Barge to the dock in Nome to take fuel or unload it.

30. The alternative was to take it to the mouth of the Yukon River, so that the Barge could be passed off to a shallower draft tug, the ISLAND SPIRIT, which would tow the Barge up river and get the Cargo unloaded where it was safe and delivered it to its owner, Defendant Ridge Contracting. While it was going to be unloaded, on July 18 and 19, the BLARNEY was able to run back to Nome, take fuel and return to the Yukon where it again took the Barge in tow.

31. On July 20, the Crew and the BLARNEY were underway to Dutch Harbor with the Barge in tow. On instructions from the Coast Guard and environmental interests, the tandem first headed to the ARIES site to observe whether there was any oil slick from the sunken ARIES. Unfortunately, after arriving on site, it became apparent that the weather and seas were too rough, making the observation efforts difficult. After circling the site, the tandem headed for Dutch Harbor, arriving in the afternoon of July 23. After securing the Barge to a buoy, the BLARNEY was finally able to head back to Naknek to resume its normal business. It picked up the KRS-200-10 barge on August 4, 2011, at which time the deviation from its voyage, to engage in the salvage operation described above, ended.

### III. CLAIM FOR SALVAGE

32. Plaintiffs incorporate by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 31.

Case No. 3:12-CV-00097-SLG  
Tug Blarney LLC, et al. vs. Ridge Contracting, Inc., in personam  
Second Amended Complaint for Salvage of Certain Cargo

Page 7 of 9

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 7 of 10

33. This count arises under Supplemental Admiralty Rule C and the general maritime law.

34. The Cargo was subject to maritime peril and was in an utterly helpless condition from which it could not be rescued without the voluntary and successful services of Plaintiffs.

35. Plaintiffs were under no legal obligation or official duty to render salvage services to the Cargo. Indeed, Plaintiffs deviated from their other duties for 38 days to perform the salvage of the Cargo.

36. Plaintiffs' voluntary services were successful in rescuing the Cargo and delivering the Cargo to its owner, Defendant Ridge Contracting, Inc.

37. Plaintiffs, by virtue of services performed, the private risk capital expended, the time spent and danger incurred in finding and recovering the Cargo, and all other relevant factors, are entitled to a liberal salvage award for such services.

## IV. **PRAYER FOR RELIEF**

Plaintiffs hereby request the following relief:

A. For a determination that Plaintiffs, collectively, be awarded a liberal salvage award not less than $1,452,082.00, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

B. That Plaintiffs are entitled to award of costs and attorney fees incurred in prosecuting this action;

Case No. 3:12-CV-00097-SLG  
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*  
Second Amended Complaint for Salvage of Certain Cargo

Page 8 of 9

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 8 of 10

C. For such other relief as this Court may deem equitable and appropriate; and

D. For leave to amend the pleadings and claims to conform to the evidence identified at trial.

DATED this 30th day of October, 2012 at Seattle, Washington.

s/ John G. Young
State Bar No. 8308084
s/ Markos Scheer
State Bar No. 0511116
YOUNG deNORMANDIE, P.C.
1191 Second Avenue, Suite 1901
Seattle, WA 98101
Telephone: (206) 224-9818
Facsimile: (206) 623-6923
E-mail: jyoung@ydnlaw.com
E-mail: mscheer@ydnlaw.com
Attorneys for Tug Blarney LLC

4847-2964-6353, v. 2

Case No. 3:12-CV-00097-SLG    Page 9 of 9
Tug Blarney LLC, *et al*. vs. Ridge Contracting, Inc., *in personam*
Second Amended Complaint for Salvage of Certain Cargo

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 9 of 10



DHS, USCG, CG-1270 (REV. 06-04)

OMB APPROVED
1625-0027

# UNITED STATES OF AMERICA

## DEPARTMENT OF HOMELAND SECURITY
## UNITED STATES COAST GUARD

### NATIONAL VESSEL DOCUMENTATION CENTER

# *CERTIFICATE OF DOCUMENTATION*

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| BLARNEY | 565613 | 9068809 | 1945 |

| HAILING PORT | HULL MATERIAL | | MECHANICAL PROPULSION |
|---|---|---|---|
| SEATTLE, WA | STEEL | | YES |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 217 GT ITC<br>194 GRT | 65 NT ITC<br>122 NRT | 94.0 | 24.9 | 11.1 |

**PLACE BUILT**
JACKSONVILLE, FL

**OWNERS**
TUG BLARNEY LLC
COMPRISED OF TWO MEMBERS

**OPERATIONAL ENDORSEMENTS**
COASTWISE
REGISTRY

**MANAGING OWNER**
TUG BLARNEY LLC
1515 FAIRVIEW AVENUE E
SEATTLE, WA 98102

**RESTRICTIONS**
NONE

**ENTITLEMENTS**
NONE

**REMARKS**
NONE

**ISSUE DATE**
AUGUST 17, 2010

**THIS CERTIFICATE EXPIRES**
SEPTEMBER 30, 2011

*Patricia J. Williams*
DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

VDS
12459535



ANTI-FRAUD PROTECTION - PATENTS 5,127,765; 5,340,159

Case 3:12-cv-00097-SLG   Document 34   Filed 11/30/12   Page 10 of 10   Exhibit A

PREVIOUS EDITION OBSOLETE,  THIS CERTIFICATE MAY NOT BE ALTERED